[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has moved to compel the deposition of the defendant in a case where the defendant shot and killed the plaintiff.
In this criminal case, the defendant was convicted and sentenced. The time for appeal has passed. The defendant objects to questioning under oath by the plaintiff citing his right against self-incrimination under the Fifth Amendment to the Constitution. The plaintiff claims that after conviction and sentencing, the defendant no longer retains the right to invoke the Fifth Amendment primarily concerning the offense of which he was convicted. The Court agrees.
The defendant stands no further risk of trial for the offense charged which is the subject of the civil suit. Both state and federal cases support this position.
The right to refuse to testify continues until sentencing. State v. Williams, 200 Conn. 301, 321 (1986). Under this case, it does not continue after sentencing under Connecticut law. CT Page 2357
In Federal Court, the rule has been stated that once a witness has been convicted for the transaction in question, he is no longer able to claim the Fifth Amendment privilege and may be compelled to testify. United States v. Romero, 249 F.2d 371 (1957) and United States v. Cioffi,242 F.2d 473 2d 1957).
The defendant has suggested that he might bring a habeas corpus action which might be affected by his testimony in this civil action, but cited no cases to support that proposition. The Court does not accept this possibility as a basis for granting the Fifth Amendment privilege against self-incrimination.
Accordingly, the Court grants the plaintiff's motion to compel and hereby orders the defendant to answer questions at a deposition without claiming the privilege against self-incrimination.
Hurley, J.